IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HARRIS LEE**,

    Petitioner,

vs.                                                     **No. CIV 99-1346 JC/LCS**

**JOE WILLIAMS, Warden, et al.,**

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed February 23, 2000 *(Doc. 12)*. For the reasons stated, I propose finding that Respondent's Motion to Dismiss is well taken and recommend that the Petition for Writ of *Habeas Corpus* should be dismissed with prejudice.

Proposed Findings

1.    Petitioner Harris Lee is currently incarcerated and is proceeding *in forma pauperis* and *pro se*. Petitioner is confined pursuant to the Judgment and Sentence of the Fifth Judicial District Court for the County of Lea, State of New Mexico dated February 5, 1997 ("Judgment and Sentence"). By that Judgment and Sentence, Petitioner was convicted of two counts of trafficking a controlled substance, cocaine, and was sentenced to thirteen and one-half years imprisonment, to be followed by two years of mandatory parole and four and one-half years of supervised probation.

2.      Petitioner entered into a Plea and Disposition Agreement with the state prosecutor on November 6, 1996. *See* Ex. C to Answer *(Doc. 9)*, filed Jan. 5, 2000. In that agreement, Petitioner agreed to plead guilty to two counts of trafficking a controlled substance, cocaine. The State agreed to recommend that the two consecutive statutory penalties of nine years each be suspended except for thirteen and one-half years, followed by two years parole and four and one-half years supervised probation. The State also agreed to dismiss charges brought against Petitioner in another matter, dismiss the second counts of two other criminal informations, and dismiss all misdemeanor charges filed in Magistrate Court. Petitioner and two of his attorneys signed the agreement, with Petitioner certifying that he had "discussed the case and my constitutional rights with my lawyer" and his attorneys certifying that each of them "discussed this case with my client in detail and advised him of his constitutional rights and all possible defenses." *Ex. C to Answer*.

3.      On November 6, 1996, Judge Patrick Francoeur conducted a plea hearing that Petitioner and two of his attorneys attended. *See* Ex. D to Answer. The minutes of the hearing, which were signed by Petitioner and his attorneys, indicate that Petitioner was advised that he was giving up the right to a jury trial and other constitutional rights by pleading guilty, that Petitioner understood the charges, that an independent record was made of the factual basis for believing Petitioner was guilty of the charges, and that the plea was knowingly, voluntarily and intelligently made. *See id.*

4.      Petitioner was sentenced by Judge Francoeur on February 5, 1997. *See* Ex. E to Answer. The Judgment and Sentence was consistent with the terms of the November 6, 1996 plea agreement.

5. On February 12, 1997, Petitioner wrote a letter to Judge Francoeur requesting assistance in filing a motion to withdraw his plea. *See* Ex. F to Answer. In that letter, Petitioner alleges that he was "misled" and was not in his right mind when he agreed to the plea. *See id*. Petitioner's counsel filed a formal motion to withdraw his plea on May 7, 1997. An evidentiary hearing was held on the motion to withdraw plea on May 12, 1997. The Motion to Withdraw Plea was denied on May 14, 1997, after Judge Francoeur found that "the Guilty Plea was knowingly and intelligently entered after the Defendant Harris Lee was advised of his rights." *See* Ex. I to Answer.

6. Petitioner appealed his conviction to the New Mexico Supreme Court, which summarily affirmed his conviction on May 11, 1998. *See* Ex. Q to Answer. Petitioner's state court *habeas corpus* petition was denied by the trial court on June 23, 1999, *see* Ex. U, and his petition for writ of *certiorari* was denied on August 23, 1999, *see* Ex. W. Petitioner has exhausted all state remedies as to his claims.

7. Petitioner raises three claims in his petition: that his guilty plea was involuntary because his counsel failed to investigate the facts of his case and fully inform him of the possible defenses; that his counsel was ineffective in failing to insure that he fully understood the nature and consequences of his plea; and that the trial judge committed judicial misconduct by denying Petitioner the opportunity to review the presentence report upon which his sentence was to be based.

8. Because Petitioner's motion to withdraw his plea was adjudicated on the merits by the state court after an evidentiary hearing, the provisions of 28 U.S.C. § 2254(d) apply. Petitioner is not entitled to relief unless he can establish that the state court adjudication of his

claims " (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

9.  Petitioner's first claim is that his plea was involuntary. A guilty plea may be deemed involuntary when it is shown that a defendant did not understand the nature and the consequences of the charges. *See Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). The Plea and Disposition Agreement, Ex. C to Answer, and the Guilty Plea Proceeding minutes, Ex. D. to Answer, were both signed by Petitioner and they clearly indicate the consequences of the guilty plea. Petitioner's own response brief to the Motion to Dismiss belies his assertion that he did not understand the nature of the charge and possible defenses: he claims that prior to pleading guilty, he discussed with his counsel his extensive history of drug abuse and supplied his counsel with names of witnesses that could have testified that Petitioner used drugs for years and therefore his possession of a large amount of crack cocaine was not inconsistent with personal use. *See* Petitioner's Reply *(Doc. 14)* at 3. Furthermore, Petitioner's claim in his response brief (not raised in the Petition) that he did not know he was pleading guilty on November 6, 1996 but thought that he was merely being arraigned is unequivocally refuted by the clear language in both the Plea and Disposition Agreement and the Guilty Plea Proceeding minutes. Petitioner has failed to make a colorable showing that the state court's finding that his plea was knowingly, voluntarily and intelligently made met either prong of Section 2254(d).

10. Petitioner's second claim is that his counsel was ineffective for failing to investigate the facts of the case, failing to explain potentially meritorious defenses, failure to

4

explain the consequences of the plea, and failing to assist Petitioner in his efforts to withdraw his plea. I note first that Petitioner's claim that his counsel was ineffective in failing to assist him in his efforts to withdraw his plea fails to demonstrate prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner's counsel moved to withdraw the plea at the February 3, 1997 sentencing hearing, and Petitioner's counsel also filed a motion to withdraw plea on May 7, which received a hearing on the merits on May 12, 1997. Any claim that he was "effectively left without counsel" because of an alleged four month delay in moving to withdraw the plea and filing a "bare, conclusory" motion to withdraw plea is not only contradicted by the record, but also without any prejudice as Petitioner received a full evidentiary hearing on his motion to withdraw plea.

11. Where a plea is entered following alleged ineffective assistance of counsel, *Hill v. Lockhart*, 474 U.S. 52 (1985), requires Petitioner to demonstrate that his counsel committed unreasonable, unprofessional errors, and that if it were not for those errors he would have insisted on going to trial. Petitioner fails to demonstrate any unreasonable or unprofessional errors. Petitioner claims his counsel should have investigated putting on a defense based on his long criminal history of drug abuse that could establish that his possession of a large amount of crack cocaine on two occasions was not inconsistent with personal use. Petitioner claims his counsel advised him not to pursue this defense because admitting a long criminal history of drug abuse could harm his case. *See* Petitioner's Reply at 3. Such strategic decisions of counsel are not lightly second-guessed. *See Jackson v. Shanks*, 143 F.3d 1313, 1319-20 (10th Cir. 1998). Under New Mexico law, intent to distribute can be proven by circumstantial evidence, including an experienced officer's testimony that the large amount of drugs is inconsistent with personal use.

*See State v. Hubbard*, 113 N.M. 538, 540-41, 828 P.2d 971, 973-74 (Ct. App.), *cert. denied*, 113 N.M. 352, 826 P.2d 573 (1992). Given that the criminal complaints were based on significant amounts of cocaine packaged in similar "baggy corners" (7 grams or about 40 rocks of crack cocaine in one case, 5 grams or about $750 worth in another case, *see* Exs. A, B to Answer), counsel's advice that a personal use defense was unlikely to be meritorious was not unreasonable.

12. Petitioner also fails to establish that he would have insisted on going to trial had it not been for his counsel's unprofessional errors. Petitioner claims that if counsel had investigated this defense and explained it to Petitioner, he would not have pled guilty. Petitioner's response demonstrates that he already knew about this defense and knew about the witnesses that he could use to establish this defense before he pled guilty, as he discussed with his counsel the names of individuals who could have testified about his personal use. *See* Petitioner's Reply at 3. Because Petitioner has failed to demonstrate that any further investigation by his counsel would have caused him to insist on going to trial instead of signing the plea agreement, Petitioner's claim must fail.

13. Petitioner's third and final claim is that the trial judge committed misconduct by failing to permit Petitioner to review the presentence report. Petitioner failed to brief this issue in his response to the motion to dismiss, and therefore he is deemed to have abandoned this issue. Respondent's Memorandum in Support of Motion to Dismiss *(Doc. 13)* pointed to evidence in the record that demonstrated the trial judge did not rely on incorrect criminal history or other information prior to sentencing. *See id.* at 4. The New Mexico Supreme Court considered Petitioner's argument on the merits, and found that there was no showing that the trial judge committed error. *See* Ex. Q to Answer, at 2. Petitioner has failed to show that the state courts

unreasonably determined the facts or misapplied federal law on this claim.

### Recommended Disposition

I recommend that Respondent's Motion to Dismiss, filed February 23, 2000, be granted and the petition for writ of *habeas corpus* be dismissed with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaHabeas Orders\99-1346 pfd